IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EDWARD C. CROW,**

        **Petitioner,**

v.                                                **Civil Action No. 1:16cv5**
                                                          **Criminal Action No. 1:13cr38**
                                                            **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Introduction**

On January 12, 2016, the *pro se* Petitioner, an inmate at USP Allenwood in White Deer, Pennsylvania, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 87. On January 26, 2016, Magistrate Judge James E. Seibert made a preliminary review of the petition and found that summary dismissal was not warranted. Accordingly, the respondent was directed to file an answer. ECF No. 90. On February 11, 2016, Petitioner filed a letter motion for appointed counsel, and without explanation, attached a BOP Complex Supplement regarding psychology services and a blank form memorandum regarding psychology services. ECF No. 92. On February 22, 2016, the Government filed its response in opposition to Petitioner's motion to vacate. ECF No. 93. Petitioner did not file a reply. On September 15, 2017, this case was reassigned from Magistrate Judge James E. Seibert to the undersigned.

The matter is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**II. Facts**

1

### A. Offenses of Conviction and Sentence

On April 6, 2013, Crow, then an inmate serving a sentence at USP Hazelton in Bruceton Mills, West Virginia, stabbed correctional officer ("CO") Timothy Norris in the lower abdomen with a homemade spear, by thrusting the spear through the slot of his Special Housing Unit ("SHU") cell door, as Norris was preparing to escort Crow to the recreation area. ECF No. 93-1 at 178 - 83. CO Norris was subsequently treated for the puncture wound at Ruby Memorial Hospital in Morgantown, West Virginia, and released later that night. Id. at 183.

On May 7, 2013, the grand jury returned a three-count indictment charging Crow with Count One, assaulting a federal officer; Count Two, assault with a dangerous weapon with intent to do bodily harm; and Count Three, unlawful possession of a weapon in prison. Id. at 14 – 16. At trial, Crow did not dispute the facts of the underlying offenses [ECF No. 93-2 at 27 – 28]; instead, he asserted an insanity defense. See ECF No. 14; see also ECF No. 93-2 at 10 – 26, 51 – 60, 157 – 61. On June 25, 2014, after a two-day trial, a jury found Crow guilty on all counts. ECF No. 93-2 at 170 – 71.

On October 21, 2014, Crow was sentenced to a total term of 240 months imprisonment on all counts. ECF No. 68. The district court further ordered that the sentence run consecutive to the federal sentences that Crow was already serving[1] and the 275-month sentence imposed in Case No. 1:14-cr-9, an independent case that was then contemporaneously pending before the district court. Id.

### B. Appeal

On October 29, 2014, Crow filed a notice of appeal. ECF No. 70.

On appeal, Crow raised three grounds, contending that:

---

[1] Those cases were N.D. W.Va. Case No. 1:14-cr-9; S.D. W.Va. 6:06-cr-260; and S.D. Ind. 2:10-cr-12-1.

      1) the district court improperly admitted uncharged misconduct evidence relating to an inmate assault;

      2) the district court improperly failed to declare a mistrial when the Government's expert stated an opinion in violation of Rule 704(b) of the Federal Rules of Evidence; and

      3) the district court imposed an unreasonable sentence. ECF No. 83.

In an unpublished *per curiam* opinion filed on May 13, 2015, the Fourth Circuit affirmed the district court's judgment. United States v. Crow, 603 F.App'x 197 (4th Cir. 2015). Crow did not petition for *certiorari*.

**C. Federal Habeas Corpus**

**1) Petitioner's Contentions**

      Petitioner's motion to vacate, filed without a memorandum in support, raises four grounds:

      1) at trial, the Government used "uncharged misconduct evidence [of a] serious inmate assault to prejudice . . . [his] character in front of the jury;

      2) a Government witness, Kari Schlessinger, a forensic psychologist, testified at trial that Petitioner's mental illness did not impair his ability to appreciate the wrongfulness of his conduct, which was "an opinion of . . . [Petitioner's] mental state[,] not a fact."

      3) Petitioner's counsel was ineffective for failing to call an expert psychologist as a trial witness; and

      4) the Bureau of Prisons ("BOP") later found Petitioner not guilty of possession of a dangerous weapon; this was new evidence that would have mitigated his guilt at trial, because without possession of a dangerous weapon, he could not have stabbed the CO.

ECF No. 87 at 5 – 10.

      As relief, Petitioner requests that the court vacate his sentence and grant him a new trial. Id. at 13.

**2) Government's Response**

3


The Government contends that Petitioner's motion should be dismissed because without an evidentiary hearing, because

1) Crow's first two grounds for relief were already raised on appeal, and thus, he cannot re-litigate them here;

2) Crow fails to establish that counsel was ineffective; and

3) Crow's claim that the BOP found him not guilty of possession of a dangerous weapon provides no detail of this alleged internal disciplinary hearing. Moreover, the Government has reason to believe that Crow is referencing a different weapons possession infraction that occurred at a different time than the offense of conviction here. Further, Crow already testified at trial that he stabbed the CO, contradicting his suggestion here that he could not have stabbed the CO.

ECF No. 93 at 3 - 6.

### III. Analysis

#### A. Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. U.S.A., 2006 WL 36859 *2 (E.D. Va. Jan. 4, 2006).

#### B. Barred Claims

Before evaluating the merits of Petitioner's claims, the Court must determine which of of them he may bring in his §2255 motion and which are barred either because they are not appropriately raised in a §2255 motion or because Petitioner's failure to raise them on direct appeal is not excused.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). See also Herman v. United States, 227 F.2d 332 (4th Cir. 1955). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a §2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

Here, Petitioner's Ground One claim that the Government used uncharged misconduct evidence of a serious inmate assault to prejudice Petitioner's character in front of the jury, and his Ground Two claim that the district court refused to order a mistrial after the Government's expert witness offered her opinion that Crow, despite raising an insanity defense, could distinguish right from wrong, have already been raised and rejected on appeal. Thus, they are barred by the mandate rule and cannot now be re-litigated in a collateral attack. Boeckenhaupt, 537 F.2d at 1183; see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court."); United States v. Roane, 378 F.3d 382, 397 (4th Cir. 2004)(holding that issues raised on direct appeal cannot be re-raised in § 2255 proceedings).

**C. Ineffective Assistance of Counsel**

...

Petitioner contends that counsel was ineffective because he refused Petitioner's request to call an expert psychologist that he had hired "who could have given the jury more insight into my mental illness" because counsel did not think it was necessary. ECF No. 87 at 8.

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. See Strickland, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. The Fourth Circuit has recognized that if a defendant "cannot

demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel when analyzing ineffective assistance of counsel claims. First, there are "personal" decisions that require the defendant's consent, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998) (citations omitted). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." Id. (quoting United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington v. Richter, 131 S. Ct. 770, 790 (2011) (citations omitted) (internal quotation marks omitted).

The Strickland Court recognized that counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. Strickland, 466 U.S. at 690; see also Coles v. Peyton, 389 F.2d 224, 226 (4th Cir. 1968) (attorneys must "conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed").

Habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856 (1994). "In order to obtain an evidentiary hearing on an ineffective assistance claim -- or, for that matter, on any claim -- a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.

1992), *cert. denied,* 507 U.S. 923 (1993), *abrogation on other grounds recognized,* Yeatts v. Angelone, 166 F.2d 255 (4th Cir. 1999).

Here, Petitioner cannot establish that counsel was ineffective for failing to call an expert psychology witness because he has not identified who that witness was, what his/her anticipated testimony would have been, how it would have mitigated his culpability, aided in proving an insanity defense, exonerated him, or minimized his exposure to sentencing enhancements, leaving the undersigned to speculate as to the support for his claims. Moreover, despite Petitioner's claim that the psychology expert could have given the jury "more insight" into his mental illness, he does not say what those insights would have been. Despite Petitioner's claimed disagreement with counsel regarding this particular trial strategy, he provides no specific example of what counsel allegedly did or failed to do that compromised his defense, other than broad, conclusory and self-serving statements to the effect that if only things had been done differently, the outcome at trial would have been different. He has come forward only with the barest, unsupported of allegations. Habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. at 856.

Moreover, CO Timothy Norris testified at trial about Crow stabbing him [ECF No. 93-1 at 180 – 183], as did the officer who was with him that day and witnessed the stabbing [id. at 168- 70], and Allen Hartman, a Special Investigative Technician from USP Lewisburg, where Petitioner was transferred after the stabbing, also testified, producing a copy of a letter Petitioner wrote to his ex-wife shortly after the incident, in which Petitioner stated

> Well, I'm back at Lewisburg. I've been here since 4/7, Sunday. Hazelton drove me here on an administrative transfer to get me out of Hazelton. I've never lied to you so I won't start now but **I stabbed a cop at Hazelton April 6th, Saturday. It's on video surveillance so I have no defense, besides I did it**. The dude disrespected me. Remember about three weeks ago I told you I was in restraints for 24 hours for headbutting the cop and while dude - - dude wouldn't leave me

8

>be after that and he had all the other cops fucking with me **so I just waited on them to make a mistake and I got the fool**.

ECF No. 93-1 at 203 – 04 (emphasis added).  Finally, Petitioner took the stand in his own defense at trial, and freely admitted to having carefully planned ahead, gathered the necessary materials, made and concealed the weapon, and waited for the most opportune time in which to stab the CO [see ECF No. 93-2 at 27 – 28, reproduced *infra*], it is hard to imagine how any testimony by any expert would have made any difference in the outcome.

Accordingly, Petitioner has failed to produce any evidence that his attorney performed inadequately before or at trial. He has neither shown that counsel made any error at all, let alone shown that counsel made an error so serious that he failed to function as his counsel under the Sixth Amendment, nor, given his own admissions at trial, he cannot show that he was prejudiced in any way by counsel's alleged failure.   Therefore, because Petitioner's claims do not meet the two prongs of Strickland, this Ground Three claim should be denied.

### D. Petitioner's Claim of New Evidence

Crow asserts that that he "was later found not guilty by the B.O.P. to be in possession of a dangerous weapon," impliedly suggesting that if he had no dangerous weapon, he could not have stabbed CO Norris. Crow's motion to vacate was filed without a memorandum in support; he provides no further details of this alleged internal disciplinary proceeding or what evidence was produced, to support this "not guilty" determination.

The Government argues that it has reason to believe that in this claim, Petitioner is referencing a *different* weapons possession infraction that occurred at a *different* time than the offense of conviction in this case. Nonetheless, even without those missing details, Crow's purported denial of possessing a weapon and therefore, the impossibility of stabbing the CO

completely contradicts his sworn trial testimony, in which he unequivocally admitted to both offenses.

At trial, Petitioner testified thus:

Q. On that date on April 6, 2013, you possessed that spear, didn't you?

A. Yeah.

Q. And that spear was a weapon, correct?

A. Yes.

Q. It was designed, intended, created, manufactured to be a weapon?

A. Yes.

Q. And you stabbed a correctional officer that came to your cell on April 6, 2013?

A. Yes.

Q. You don't deny that?

A. No.

Q. You caused an injury to that officer, didn't you?

A. Well, yes. Yeah, afterwards I found that out.

Q. At the time that this occurred your intent was to kill or hurt a correctional officer, wasn't it?

A. I mean, I assume; yeah.

Q. That's what you intended to happen with that weapon?

A. I mean, that's what happened.

Q. That was your intent with that weapon was to harm or kill an officer?

A. My intent was to back - - back them up.

Q. You're not permitted to have those kinds of items, are you, that weapon?

> A. No.
>
> Q. And you knew that on April 6 of 2013?
>
> A. At the time.
>
> Q. You knew you were not permitted to possess a weapon in a federal prison?
>
> A. I mean in theory, yeah.
>
> Q. In theory. You knew that you were not allowed under law to possess that weapon?
>
> A. Yeah.
>
> Q. So on April 6, 2013 you knew it was wrong to possess that weapon in your cell at USP Hazelton? That's what you just said.
>
> A. Yes.

ECF No. 93-2 at 27 – 28.

Further, the Government's forensic psychologist's testified that Petitioner admitted to her having carefully and calmly planned the attack; stating that he "wanted to wound or kill an officer;" measured the length of the cell door food slot to make sure the weapon he planned to make would fit; gathered the materials to make the weapon; honed it over time; concealed it; and bided his time, waiting for the most opportune time in which to stab the CO. ECF No. 93-2 at 85. She also testified that Petitioner also told her that he knew right from wrong, that he was "not psychotic" and "didn't just do it out of the blue." Id. at 86.

Therefore, in light of Crow's admissions and the other trial evidence that independently established his guilt, this unsupported claim is also completely contradicted by Petitioner's own sworn testimony. See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary

hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict sworn statements.").

This claim is insufficiently pled, unsupported in the record, and thus, should be dismissed.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that petitioner's § 2255 motion ECF No. 87 be **DENIED** and that this matter be **DISMISSED with prejudice.**

Further, the undersigned recommends that Petitioner's pending letter motion to appoint counsel [ECF No. 92] be denied as moot.

Within **fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket and to transmit a copy electronically to all counsel of record.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED: August 29, 2018

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE